The Honorable Marc Barreca
Chapter 13
Location: Marysville
Hearing Date: July 25, 2018
Hearing Time: 9:00 a.m.
Response Date: July 18, 2018

**UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF WASHINGTON AT SEATTLE**

| | |
|---|---|
| In re:<br><br>**RICARDO GARCIA ZARCO**<br><br>Debtor. | **Bankruptcy No. 17-11849-MLB**<br>**Chapter 13**<br><br>**JOINT MOTION FOR APPROVAL OF SETTLEMENT OF ADVERSARY NO. 17-01095-MLB** |

## I. Relief Requested

Pursuant to Fed. R. Bankr. P.7041 and 9019, debtor Ricardo Garcia Zarco and adversary plaintiff Mikhail Suevsky[1] hereby move for approval of the Settlement Agreement attached as Exhibit A (the "Agreement").

## II. Background

Mr. Suevsky and Mr. Zarco have been involved in litigation since December 2016, resulting from work Mr. Zarco performed on Mr. Suevsky's property located at 17005 NE 42nd Street, Redmond, Washington 98052 (the "Property"). During the previous year and a half of litigation, Mr. Zarco has twice filed for Ch. 13 bankruptcy in front of this Court, the first of which was dismissed

---

[1] Adversary Case No. 17-1095-MLB

JOINT MOTION FOR APPROVAL OF SETTLEMENT - 1 –
*In re Ricardo Garcia Zarco*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2000
Bellevue, Washington 98004
(425) 455-9610

Case 17-11849-MLB    Doc 70    Filed 06/28/18    Ent. 06/28/18 13:06:19    Pg. 1 of 6

because of the debtor's failure to make timely and complete payments to the Trustee, as well as provide necessary documents. This second bankruptcy was refiled in April 2017.

Expending significant time and legal fees, Mr. Suevsky has maintained adversary proceedings in both of Mr. Zarco's bankruptcy cases, in addition to the underlying state lawsuit in King County Superior Court, Case No. 16-2-30469-9 SEA. Further, Mr. Suevsky filed a claim with Mr. Zarco's commercial general liability insurer, Security National Insurance Company (the "Insurer"). Mr. Suevsky alleged damages totaling in excess of Two Hundred and Twenty Thousand Dollars ($220,000.00). The Insurer extended a defense to Mr. Zarco in the state court action and the adversary proceedings. On January 10, 2018, Mr. Zarco's counsel and construction expert conducted a site inspection of the Property.

Seeking to avoid additional protracted litigation and in the interest of judicial efficiency, the parties now wish to resolve both the state and federal claims. To this end, the parties have agreed that Mr. Garcia will pay Mr. Suevsky an amount of Thirty Thousand Dollars ($30,000.00) in exchange for the mutual dismissal of all claims. This full Thirty Thousand Dollar ($30,000.00) dollar amount is covered by the Insurer and does not come from Mr. Zarco's personal assets and bankruptcy estate. Accordingly, this settlement does not subject the other creditors to prejudice and serves to resolve one of the claims against Mr. Zarco's bankruptcy estate. No other creditor has brought claims seeking insurance proceeds from the Insurer. The parties signed the settlement agreement on May 25, 2018 and give notice to the other creditors by way of this motion. No other creditor is expected to object to the settlement.

As a result of the settlement, all claims in both the state and federal adversary proceedings will be dismissed by the parties.

### III. Discussion

JOINT MOTION FOR APPROVAL OF SETTLEMENT - 2 –
*In re Ricardo Garcia Zarco*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2000
Bellevue, Washington 98004
(425) 455-9610

Case 17-11849-MLB    Doc 70    Filed 06/28/18    Ent. 06/28/18 13:06:19    Pg. 2 of 6

The settlement agreement between Mr. Suevsky and Mr. Zarco is a reasonable and expedition resolution of the parties' extended litigation process in both state and federal bankruptcy courts, and thus should be approved by the Court. In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, courts consider four factors:

> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*In re A & C Properties,* 784 F.2d 1377, 1381 (9th Cir. 1986). The law favors compromise and not litigation for its own sake. *Id.* Here, the factors all favor approval of the parties' settlement. The settlement amount is comprised fully of insurance funds from Mr. Zarco's commercial general liability insurer.

### a. The Probability of Success in Litigation

The Agreement represents a reasonable, albeit conservative, estimate of the outcome had this lawsuit proceeded to its end. Between February 16, 2016 and September 2016, Mr. Suevsky made approximately Seventy-Five Thousand Dollars ($75,000.00) in check and cash payments to Mr. Zarco. A significant amount of the work Mr. Zarco performed in return for the payments forms the basis for this lawsuit alleging faulty work and damages to the Property. Approximately Thirty-Five Thousand Six Hundred Eighty Dollars ($35, 680.00) of the amount paid to Mr. Zarco represents work he was paid for but did not complete. The replacement value of the kitchen appliances, kitchen cabinets, and lighting equipment impermissibly removed and destroyed by Mr. Zarco was estimated to be Twelve Thousand Five Hundred and Sixty-Eight Dollars ($12,568.03). To date, Mr. Suevsky has spent Twenty-Seven Thousand Six Hundred and Thirty ($27,630.00) repairing and remedying the work and damages

JOINT MOTION FOR APPROVAL OF SETTLEMENT - 3 –
*In re Ricardo Garcia Zarco*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2000
Bellevue, Washington 98004
(425) 455-9610

Case 17-11849-MLB    Doc 70    Filed 06/28/18    Ent. 06/28/18 13:06:19    Pg. 3 of 6

to the Property. As a result of the January 2018 site visit, *defendant's expert* estimated that the cost of the items which are remaining to be repaired is Twenty-One Thousand Seven Hundred Dollars ($21,700.00). The expert's value excluded costs for bathtub repair, the destroyed cabinetry and appliances, and costs for bedroom interior repairs. These values represent Mr. Suevsky's potential recovery at trial, the sum of which greatly exceeds the proposed settlement amount of Thirty Thousand Dollars ($30,000.00).

Furthermore, Mr. Zarco's insurance policy is a general contractor policy providing for coverage of damages and faulty work done by subcontractors. Mr. Zarco hired number individuals to work for him on the Property and the insurance policy would provide coverage for work completed by them.

In light of the grievous damages to the Property and Mr. Suevsky's claims for theft, fraud and violation of the Consumer Protection Act, Mr. Suevsky's alleged claims against the estate would be nondischargeable in the bankruptcy.

Given the estimated damages involved, and the scope of Mr. Zarco's insurance coverage, the settlement amount, agreed upon by the parties and the Insurer, represents a reasonable (if slightly low) estimate of the outcome had the litigation proceeded to trial.

**b.  The Difficulties, if any, to be Encountered in the Matter of Collection**

The parties do not anticipate any difficulties to be encountered in collection. Insurance policies that provide for payments to third parties on behalf of the insured (i.e., liability) are generally not considered property of the estate. *In re Endoscopy Center of Southern Nevada, LLC,* 451 B.R. 527, 541-47 (Bankr. D. Nev. 2011) (discussing thoroughly 9th Circuit case law regarding this topic). Mr. Zarco's commercial general liability policy is not part of his bankruptcy estate and thus is not available to satisfy the claims of other creditors. Additionally, his policy limit is One Million Dollars ($1,000,000.00), so this settlement barely scratches the surface of the funds available under the policy.

JOINT MOTION FOR APPROVAL OF SETTLEMENT - 4 –
*In re Ricardo Garcia Zarco*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2000
Bellevue, Washington 98004
(425) 455-9610

Case 17-11849-MLB    Doc 70    Filed 06/28/18    Ent. 06/28/18 13:06:19    Pg. 4 of 6

The settlement amount will be fully satisfied by the Insurer. Mr. Zarco's policy is not part of his bankruptcy estate, so there will not be any difficulties in the matter of collection.

### c. The Complexity of the Litigation Involved

The parties' have been involved in litigation in both state and federal bankruptcy court since December 2016. It has involved expenses to both parties, particularly in light of Mr. Zarco's two bankruptcy filings. Further, the trial will undoubtedly involve significant and contentious issues of fact, including the subcontractor status of workers hired by Mr. Zarco. Additionally, Mr. Zarco has attempted to exclude numerous damages claimed by Mr. Suevsky based on "scope of work." This issue as well would prove to be an issue of fact at trial. Requiring the litigation to run its course – against the wishes of the parties and the Insurer – would be wasteful and senseless. The parties' attorneys' fees alone would total to more than the settlement amount here. This factor weights in favor of acceptance of the parties' settlement.

### d. The Interest of the Creditors

The interests of the other creditors will not be prejudiced by this settlement because the amount is fully covered by the Insurer and is not sourced from the funds of the bankruptcy estate. Mr. Zarco's policy is not part of the bankruptcy estate. Insurance policies that provide for payments to third parties on behalf of the insured (i.e., liability) are generally not considered property of the estate. *In re Endoscopy Center of Southern Nevada, LLC,* 451 B.R. 527, 541-47 (Bankr. D. Nev. 2011) (discussing thoroughly 9th Circuit case law regarding this topic); *In re Cini*, 2012 Bankr. LEXIS 2865, 32 (Bankr. D. MT. 2012). Additionally,

> Because the policy proceeds will be available only to creditors with the type of claims covered by the policy, there is no depletion of assets that would otherwise be available to satisfy general, unsecured claims, and there is therefore no reason to delay the creditor seeking to recover under the policy. Moreover, the insurer will almost invariably be

JOINT MOTION FOR APPROVAL OF SETTLEMENT - 5 –
*In re Ricardo Garcia Zarco*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2000
Bellevue, Washington 98004
(425) 455-9610

Case 17-11849-MLB    Doc 70    Filed 06/28/18    Ent. 06/28/18 13:06:19    Pg. 5 of 6

responsible for the cost of defense, so there should be no added expense for the estate.

3-362 Collier on Bankruptcy § 362.07[3][a] (16th ed. 2017). No other creditor has made a claim on Mr. Zarco's insurance policy. The Policy limit is $1,000,000.00 which is well in excess of the Thirty Thousand Dollar ($30,000.00) settlement amount. No other creditor will be prejudiced as a result of this settlement. This factor points in favor of approval of the settlement.

### IV. Conclusion

For the reasons stated above, the Court should approve the parties' settlement agreement, attached hereto as **Exhibit 1**.

Respectfully submitted this June 28, 2018.

MDK Law
*/s/ Dennis R. Kasimov*

MARK D. KIMBALL, WSBA # 13146
JAMES P. WARE, WSBA # 36799
DENNIS R. KASIMOV, WSBA No. 51303
MDK LAW
777 108th Ave NE, Suite 2000
Bellevue, WA 98004
Telephone: (425) 455-9610
Fax: (425) 455-1170
mkimball@mdklaw.com
jware@mdklaw.com
dkasimov@mdklaw.com
*Attorneys for Adversary Plaintiff*

WILES MICHALI RANA LEE Law Group
*/s/ Ryan M. Lee*

RYAN M. LEE,
510 SW Fifth Avenue
Sixth Floor
Portland, OR 97204
Telephone: (503) 226-3515
Fax: (503) 226-4050
*Attorneys for Debtor*

JOINT MOTION FOR APPROVAL OF SETTLEMENT - 6 –
*In re Ricardo Garcia Zarco*

**MDK | LAW**
777 108th Avenue Northeast, Suite 2000
Bellevue, Washington 98004
(425) 455-9610

Case 17-11849-MLB    Doc 70    Filed 06/28/18    Ent. 06/28/18 13:06:19    Pg. 6 of 6